**FALAKASSA LAW, P.C.**
Joshua S. Falakassa, CA Bar No. 295045
*josh@falakassalaw.com*
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067
Tel: (818) 456-6168; Fax: (888) 505-0868

**BOKHOUR LAW GROUP, P.C.**
Mehrdad Bokhour, Esq., CA Bar No. 285256
*mehrdad@bokhourlaw.com*
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067
Tel: (310) 975-1493; Fax: (310) 675-0861

Attorneys for Plaintiff and the Putative Classes

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOFIA RIOS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>MAGELLAN HRSC, INC., an OHIO CORPORATION; and DOES 1-50, inclusive.<br><br>Defendants. | CASE NO.:2:20-cv-01219-KJM-AC<br><br>**FIRST AMENDED CLASS AND PAGA ACTION COMPLAINT FOR:**<br><br>(1) FAILURE TO PAY ALL OVERTIME WAGES;<br>(2) FAILURE TO PAY ALL SICK TIME;<br>(3) MEAL PERIOD VIOLATIONS;<br>(4) FAILURE TO REIMBURSE NECESSARY BUSINESS EXPENSES;<br>(5) WAGE STATEMENT VIOLATIONS;<br>(6) WAITING TIME PENALTIES;<br>(7) UNFAIR COMPETITION (BUS & PROF. CODE SECTION 17200); and<br>(8) PAGA PENALTIES<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

**FIRST AMENDED CLASS AND PAGA ACTION COMPLAINT**

Plaintiff Sofia Rios ("Plaintiff") on behalf of herself, and all other similarly situated non-exempt employees, alleges and complains of defendant Magellan HRSC, Inc., and DOES 1 to 50 (collectively, "Defendants") and each of them, as follows:

## INTRODUCTION

1. Defendant Magellan HRSC, Inc., is a for-profit health care management company providing authorization, pharmacy, imaging and other healthcare services throughout California since 1969. Plaintiff brings this class action against Defendant for alleged violations of the California Labor Code and Business and Professions Code.

2. As set forth below, Plaintiff alleges that Defendants failed to pay for all overtime wages by failing to properly calculate the "regular rate of pay" used for payment of overtime wages. Plaintiff further alleges that Defendants failed to pay all sick pay at the lawful "regular rate of pay." Moreover, Plaintiff alleges that Defendants' meal period policies and practices did not allow and permit all compliant/timely meal periods or pay premium wages at the "regular rate of pay" in lieu thereof. As a result, Plaintiff alleges that Defendants failed to provide non-exempt employees with accurate written itemized wage statements and failed to timely pay all final wages upon separation of employment. Finally, Plaintiff alleges that Defendants failed to adequately reimburse all necessary business expenses.

3. Based on these alleged Labor Code violations, Plaintiff now brings this class and PAGA representative action to recover unpaid wages, restitution, penalties, and other related relief on behalf of himself and all others similarly situated.

## JURISDICTION AND VENUE

4. Plaintiff, on behalf of herself and all others similarly situated employees hereby brings this class action for recovery of unpaid wages and penalties under California Labor Code §§ 201-203, 204, 210, 221, 226(a), 226(e), 226.3, 226.7, 227.3, 246, 510, 512, 516, 1197.1, 1194, 1199, 2802, 2698 *et seq* and applicable Industrial Welfare Commission Wage Orders ("Wage Orders"), in addition to seeking declaratory relief and restitution pursuant to California Business and Professions Code § 17200, *et. seq*.

5. This class action is brought pursuant to California Code of Civil Procedure § 382.

6. This Court has jurisdiction over Defendants' violations of the California Labor Code and applicable Wage Orders because the amount in controversy exceeds this Court's jurisdictional minimum.

7. Venue is proper in this judicial district pursuant to California Code of Civil Procedure §§ 395(a) and 395.5, Defendants own, maintain offices, transact business, have an agent or agents in the City of Sacramento within the County of Sacramento, and/or otherwise are found within the County of Sacramento, and Defendants are within the jurisdiction of this Court for purposes of service of process.

**PARTIES**

8. At all relevant times herein, Plaintiff, who is over the age of 18, was and currently is a California resident residing in the State of California. Defendants employed Plaintiff as a non-exempt employee in California in the County of Sacramento.

9. Plaintiff is informed and believes and thereon alleges that defendant Magellan HRSC, Inc., is an Ohio corporation authorized to and doing business in California, and is and/or was the legal employer of Plaintiff and the Class Members during the applicable statutory periods. Plaintiff was, and is, a victim of Defendants' policies and/or practices complained of herein and has been deprived of the rights guaranteed to him by California Labor Code §§ 201-203, 204, 210, 221, 226(a), 226(e), 226.3, 226.7, 227.3, 246, 510, 512, 516, 1194, 1194.2, 1197.1, 1199, 2802, 2698, *et seq* and the California Business and Professions Code § 17200 *et seq.*, and applicable Wage Orders.

10. Plaintiff is informed and believes, and based thereon alleges, that during the four years preceding the filing of the Complaint and continuing to the present, Defendants did (and continue to do) business in the State of California, County of Sacramento.

11. Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the defendants sued herein as DOES 1 to 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this Complaint when such true names and capacities are discovered. Plaintiff is informed, and believes, and thereon alleges, that each of said fictitious defendants, whether individual, partners, or

3
**FIRST AMENDED CLASS AND PAGA ACTION COMPLAINT**

corporate, were responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff and the Classes to be subject to the unlawful employment practices alleged herein.

12. Plaintiff is informed, and believes, and thereon alleges, that at all times mentioned herein, Defendants were and are the employers of Plaintiff and all members of the Classes. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

13. At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiff alleges that all Defendants were joint employers for all purposes of Plaintiff and all members of the Classes.

**COMMON FACTUAL ALLEGATIONS**

14. Defendants are a for-profit health care management company providing healthcare services throughout California since 1969. Plaintiff began working for Defendants as a non-exempt Customer Service Associate on or about October 2021 and continues to be employed by Defendants. Plaintiff and other similarly situated employees (including, but not limited to, customer care associates and other non-exempt positions) were responsible for all aspects of Defendants' business across California.

15. First, at all relevant times, Plaintiff and other non-exempt employees were not properly paid at the correct overtime rate for all hours worked in excess of eight (8) hours per workday and/or forty (40) hours per workweek. While Plaintiff and other non-exempt employees regularly worked overtime hours, they were not compensated at one and one-half times their "regular rate of pay" because Defendants failed to include all forms of compensation, including, but not limited to, shift

differentials, non-discretionary bonuses, incentive pay, and other forms of remuneration when calculating the "regular rate of pay" used for payment of overtime wages. Attached as **Exhibit A** is a true and correct copy of Ms. Rios' wage statement showing that Magellan failed to include "Shift Differential 15%" into its calculation for the regular rate for overtime purposes. (See **Exhibit A**.)

16. Under the California Labor Code (as well as the FLSA), courts have consistently held that regularly paid non-discretionary bonuses (and other forms of pay) must be included in determining an employee's "regular rate of pay" for purposes of calculating overtime. (See *Haber v. The Americana Corp.* 378 F. 2d 854, 855-856 (9th Cir. 1967) [holding that regularly paid efficiency bonuses must be included in calculating the "regular rate"]; *Wang v. Chinese Daily News*, Inc. 435 F. Supp. 2d 1042, 1055-1057 (C.D. Cal. 2006) [granting summary judgement to Plaintiff under California and federal law on the grounds, that Defendant improperly calculated overtime by excluding annual bonuses paid to employees from the "regular rate of compensation"].)

17. Labor Code § 510 requires an employer to compensate an employee who works more than eight (8) hours in one workday, forty (40) hours in a workweek, and for the first eight (8) hours worked on the seventh consecutive day, no less than one and one-half times (1 1/2) the regular rate of pay. In addition, Labor Code § 510 obligates employers to compensate employees at no less than twice the regular rate of pay when an employee works more than twelve (12) hours in a workday or more than eight (8) hours on the seventh consecutive day of work. Pursuant to Section 3 of the applicable Wage Orders, non-exempt employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 1/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek.

18. By their policy of requiring Plaintiff and the other non-exempt employees to work in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without compensating them at the lawful rate of one-half (1 1/2) their regular rate of pay, Defendants willfully violated the provisions of Labor Code § 510 and the applicable Wage Orders.

19. As set forth above, Defendants failed to compensate Plaintiff and other non-exempt employees for all overtime wages by failing to pay overtime at the "regular rate of pay." Accordingly, and to the extent permitted by law, Plaintiff and other non-exempt employees are entitled to recover

unpaid wages and penalties for violations of Labor Code §§ 204, 210, 510, 1194, 1197.1, 1199 1197.1.

20. Moreover, at all relevant times, Defendant failed in its obligation to provide Plaintiff and other non-exempt employees the legally required paid sick days at the legal "regular rate of pay" pursuant to Labor Code §§ 246(a),(b).

21. Pursuant to Labor Code § § 246(a),(b), "[a]n employee who, on or after July 1, 2015, works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days. . . at the rate of not less than one hour per every 30 hours worked, beginning at the commencement of employment."

22. In addition, Labor Code § 246(l)(1) provides that paid sick time for non-exempt employees must be "calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek." Additionally, Labor Code § 246(l)(2) states that the paid sick time must be "calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment."

23. Finally, Labor Code §246(i) requires employers to "provide an employee with written notice that sets forth the amount of paid sick leave available, or paid time off leave an employer provides in lieu of sick leave, for use on either the employee's itemized wage statement described in Section 226 or in a separate writing provided on the designated pay date with the employee's payment of wages."

24. Here, at all relevant times, Defendants failed in their obligation to provide Plaintiff and other non-exempt employees the legally required paid sick days at the "regular rate of pay" pursuant to Labor Code §§ 246(a),(b). Instead, Defendant paid sick time at the non-exempt employees' base rate of pay, rather than the "regular rate of pay", as required by Labor Code §§ 246(l)(1-2).

25. Based on the foregoing Labor Code violations, Plaintiff seeks all civil and statutory penalties, as well as unpaid wages, available and applicable under Labor Code §§ 246, 1194.2, 1197.1, 1198, and 1199.

**FIRST AMENDED CLASS AND PAGA ACTION COMPLAINT**

26. Furthermore, at all relevant times, Plaintiff and other non-exempt employees were not afforded all compliant and timely 30-minute off-duty meal periods as mandated by California law. As a result of Defendants' meal period policies and practices and work demands, Plaintiff and other non-exempt employees were often unable to take timely and uninterrupted 30-minute first meal periods before the end of the fifth hour of work. Further, when Plaintiff and other non-exempt employees worked in excess of 10.0 hours in a shift, they were not always allowed and permitted to take a mandated second meal period before the end of the tenth hour of work in violation of the Labor Code and applicable Wage Orders.

27. Each time Plaintiff and other non-exempt employees were unable to take a compliant meal period, Defendants failed to pay meal period premiums at the "regular rate of pay" as required by *Ferra v. Loews Hollywood Hotel, LLC* (2021) 11 5th 858 and Labor Code § 226.7.

28. Accordingly, due to Defendants' uniform meal period policies/practices, Plaintiff and other non-exempt employees were also denied legally compliant meal periods or premium pay at the "regular rate of pay" in violation of Labor Code 226.7, 510, 516, and applicable IWC Wage Orders.

29. As a result of Defendants' failure to pay Plaintiff and other non-exempt employees for all overtime wages, sick pay, and for meal period premiums at the "regular rate of pay", Defendants issued wage statements which failed to accurately identify the gross wages earned, the total hours worked, the net wages earned, and the correct corresponding number of hours worked at each hourly rate, in violation of Labor Code § 226(a)(1, 2, 5, and 9).

30. Thus, for the violations of Labor Code section 226 described above, Plaintiff and other non-exempt employees may recover Labor Code § 226.3 penalties for Defendants' violations of Labor Code § 226(a).

31. Moreover, at all relevant times, Defendants required Plaintiff and other non-exempt employees to incur necessary business expenses associated with using their personal cell phones and home-internet for work related purposes but did not properly reimburse non-exempt employees for these necessary expenditures in violation of Labor Code §§ 2802-2804. *See Cochran v. Schwan's Home Service, Inc.*, (2014) 228 Cal.App.4th 1137, 1144 ["[i]f an employee is required to make work-related calls on a personal cell phone, then he or she is incurring an expense for the purposes of

section 2802. It does not matter whether the phone bill is paid for by a third person, or at all...To show liability under section 2802, an employee need only show that he or she was required to use a personal cell phone to make work-related calls, and he or she was not reimbursed"].

32.     Here, Defendants uniformly failed to adequately reimburse non-exempt employees for a reasonable portion of home internet costs (and other costs associated with working from home) in the discharge of their duties for those non-exempt employees who worked from home. Specifically, Defendants only reimbursed non-exempt employees $15 per month as "CA Telecommute Internet Stipend." (See **Exhibit A**) This is an underpayment considering the actual costs of internet service in California and high amount of usage for work purposes by non-exempt employees. Making matters worse, Defendants also taxed the reimbursement payments as wages. As a result, this resulted in inadequate reimbursements for the costs associated with home internet. Accordingly, Defendants failed to adequately reimburse for necessary business expenditures in violation of Labor Code §§ 2800-2802 and applicable Wage Orders.

33.     Finally, because of, Defendants' failure to pay all overtime wages, sick pay, and meal period premiums at the "regular rate of pay", Defendants also failed and continue to fail to pay non-exempt employees all wages owed at their time of separation from employment in violation of Labor Code §§ 201-203.

## CLASS ACTION ALLEGATIONS

34.     Plaintiff brings this action on behalf of herself and the following Classes pursuant to § 382 of the Code of Civil Procedure:

> All non-exempt employees who work or worked for Defendants in California, during the four years immediately preceding the filing of the Complaint through the date of trial. ("Class");
>
> All non-exempt employees who work or worked for Defendants in California and who work or worked overtime hours during at least one shift, during the four years immediately preceding the filing of the Complaint through the date of trial. ("Overtime Subclass");
>
> All employees who work or worked for Defendants in California, during the one year immediately preceding the filing of the Complaint through the date of trial. ("Wage Statement Subclass")

8
**FIRST AMENDED CLASS AND PAGA ACTION COMPLAINT**

All employees who worked for Defendants in California, and who left their employ during the three years immediately preceding the filing of the Complaint through the date of trial. ("Waiting Time Penalty Subclass") (collectively "the Classes")

35. **Numerosity/Ascertainability**: The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the Classes is unknown to Plaintiff at this time; however, it is estimated that the Classes consist of at least one hundred (100) individuals. The identity of such membership is readily ascertainable via inspection of Defendants' employment and payroll records.

36. **Common Questions of Law and Fact Predominate/Well Defined Community of Interest**: There are common questions of law and fact as to Plaintiff and all other similarly situated non-exempt employees, which predominate over questions affecting only individual members including, without limitation to:

1. Whether Defendants' pay policies/practices resulted in a failure to pay all overtime wages to members of the Overtime Subclass because Defendants failed to include all forms of compensation, including, but not limited to, shift differential pay, non-discretionary bonuses, incentive pay, and other forms of remuneration in calculating the "regular rate of pay";

2. Whether Defendants' payroll policies/practices resulted in a failure to pay all sick pay wages at the "regular rate of pay" to members of the Class;

3. Whether Defendants provided legally compliant meal periods or proper compensation in lieu thereof at the "regular rate of pay" to members of the Class;

4. Whether Defendants furnished legally compliant wage statements to members of the Wage Statement Subclass pursuant to Labor Code § 226(a); and

5. Whether the timing and amount of payment of final wages to members of the Waiting Time Penalty Subclass at the time of separation from employment were unlawful; and

6. Whether Defendants adequately reimbursed all necessary business expenses, including but not limited to, costs associated with personal cell phone and internet usage.

37. **Predominance of Common Questions**: Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common

questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, such as Defendants' failure to pay for all overtime wages and sick pay at the "regular rate if pay", Defendants' failure to provide all compliant meal periods or compensation at the "regular rate of pay" in lieu thereof, Defendants' resulting failure to provide accurate itemized wage statements, and failure to pay for all wages due upon separation of employment, and Defendants' failure to adequately reimburse all necessary business expenses. As such, the common questions predominate over individual questions concerning each individual class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

38. **Typicality**: The claims of Plaintiff are typical of the claims of the Classes because Plaintiff was employed by Defendants as a non-exempt employee in California during the statute(s) of limitation applicable to each cause of action pled in the Complaint in this action. As alleged herein, Plaintiff, like the members of the Classes, was deprived of all overtime wages and sick pay, was deprived of meal period premium wages, was not reimbursed necessary business expenses, and was not provided accurate itemized wage statements.

39. **Adequacy of Representation**: Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's attorneys are ready, willing and able to fully and adequately represent the members of the Classes. Plaintiff's attorneys have prosecuted and are actively litigating numerous wage-and-hour class actions in state and federal courts and are committed to vigorously prosecuting this action on behalf of the members of the Classes.

40. **Superiority**: The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations

alleged herein. If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources.

41. Moreover, requiring each member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto. As such, the Classes identified in Paragraph 33 are maintainable as Classes under § 382 of the Code of Civil Procedure.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY ALL OVERTIME WAGES

## (AGAINST ALL DEFENDANTS)

42. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

43. This cause of action is brought pursuant to Labor Code §§ 204, 210, 510, 558, 1194, and 1198, which provide that non-exempt employees are entitled to overtime wages for all overtime hours worked and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.

44. At all times relevant herein, Defendants were required to properly pay Plaintiff and members of the Overtime Subclass for all overtime hours worked pursuant to California Labor Code § 1194 and the applicable Wage Orders.

45. Section 3 of the applicable Wage Order requires an employer to pay an employee "one and one-half (1½) times the employee's regular rate of pay" for work in excess of 8 hours per workday and/or in excess of 40 hours of work in the workweek. The same section also requires an employer to pay an employee double the employee's regular rate of pay for work in excess of twelve hours each workday and/or for work in excess of 8 hours on the seventh consecutive day of work in the workweek. Defendants caused Plaintiff to work overtime and hours but did not compensate Plaintiff or members of the Overtime Subclass at one and one-half times their "regular rate of pay" for such hours.

46. Defendants failed to conform their pay practices to the requirements of the law. This unlawful conduct includes but is not limited to Defendants' failure to include all forms of compensation, including, but not limited to, shift differentials, non-discretionary bonuses, incentive pay, and other forms of remuneration when calculating the "regular rate of pay" used in payment of overtime wages, all of which resulted in Plaintiff and the Overtime Subclass not being paid all overtime wages owed.

47. The foregoing policies and practices are unlawful and create entitlement to recovery by Plaintiff and the members of the Overtime Subclass in a civil action for the unpaid amount of overtime wages, including interest thereon, statutory penalties, attorney's fees, and costs of suit according to Labor Code §§ 204, 210, 510, 1194, and 1198, the applicable Wage Orders, and Code of Civil Procedure § 1021.5.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY ALL SICK TIME

## (AGAINST ALL DEFENDANTS)

48. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

49. This cause of action is brought pursuant to Labor Code §§ 246, 558, 1194.2, 1197.1, 1198, and 1199 which provide that non-exempt employees are entitled to have their sick time paid at the regular rate, including all forms of compensation/remuneration.

50. At all times relevant herein, Defendants were required to properly pay Plaintiff and members of the Class for all accrued sick leave taken, pursuant to California Labor Code § 246.

51. Defendants failed to conform their pay practices to the requirements of the law. This unlawful conduct includes but is not limited to Defendants' uniform and unlawful policy/practice of failing to include all forms of compensation including but not limited to, shift differentials, non-discretionary bonuses, incentive pay, and other forms of remuneration when calculating the "regular rate of pay" used in payment of overtime wages, all of which resulted in Plaintiff and the Class not being paid all overtime wages owed.

52. The foregoing policies and practices are unlawful and create entitlement to recovery by Plaintiff and the members of the Class in a civil action for the unpaid amount of sick time wages, including interest thereon, statutory penalties, attorney's fees, and costs of suit according to Labor Code §§ 246, 558, 1194.2, 1197.1, 1198, the applicable Wage Orders, and Code of Civil Procedure § 1021.5

## THIRD CAUSE OF ACTION

### MEAL PERIOD VIOLATIONS

### (AGAINST ALL DEFENDANTS)

53. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

54. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed in their affirmative obligation to provide all of their hourly non-exempt employees, including Plaintiff and members of the Class, with all required meal periods in accordance with the mandates of the California Labor Code and applicable Wage Orders, for the reasons set forth in the Common Allegations section of this Complaint.

55. Despite Defendants' violations, Defendants have uniformly failed to pay an additional hour of pay at the "regular rate of pay" to Plaintiff and members of the Class for each such violation, in accordance with *Ferra* and Labor Code § 226.7.

56. As a result, Defendants are responsible for paying premium compensation for meal period violations, including interest thereon, statutory penalties, and costs of suit pursuant to the applicable Wage Orders, Labor Code §§ 226.7, 512, and Civil Code §§ 3287(b) and 3289.

/ / /

/ / /

### FOURTH CAUSE OF ACTION

### FAILURE TO REIMBURSE NECESSARY BUSINESS EXPENSES

### (AGAINST ALL DEFENDANTS)

57. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

58. Labor Code 2802(a) states in pertinent part the following:

> "(a) An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

59. As set forth above, Plaintiff and members of the Class must be compensated for all necessary business expenditures, including, but not limited to, expenses related to their home offices, including, but not limited to, a reasonable portion of their monthly internet bill, personal cell phone bill, and other charges necessarily incurred in their discharge of their duties. (See *Cochran v. Schwan's Home Service, Inc.* (2014) 228 Cal.App.4th 1137 ("We hold that when employees must use their personal cell phones for work-related calls, Labor Code section 2802 requires the employer to reimburse them. Whether the employees have cell phone plans with unlimited minutes or limited minutes, the reimbursement owed is a reasonable percentage of their cell phone bills."); *Aguilar v. Zep, Inc.*, 2014 WL 4245988 *17 (N.D. Cal. 2014) (granting Plaintiff's motion for partial summary judgment on Plaintiff's cell phone reimbursement claim); *Ritchie v. Blue Shield of California*, 2014 WL 6982943, at *21 (N.D. Cal. 2014) (certifying class of cell phone reimbursement claim and adopting the logic of *Cochran*).

60. At all relevant times, by failing to reimburse Plaintiff and the Class for all necessary business expenditures, Defendants have failed to comply with Labor Code Section 2802-2804 and the applicable Wage Orders.

61. The foregoing policies and practices are unlawful and create entitlement to recovery by Plaintiff and the members of the Class in a civil action for unpaid reimbursements, including interest thereon, statutory penalties, attorney's fees, and costs of suit according to Labor Code §§ 2802-2804, the applicable Wage Orders, and Code of Civil Procedure § 1021.5.

## FIFTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

## (AGAINST ALL DEFENDANTS)

62. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

63. Labor Code 226(a) states in pertinent part the following:

"(a) An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

64. As set forth above, during the Class Period, Defendants issued and continue to issue wage statements to its employees including Plaintiff and members of the Wage Statement Subclass, which are inadequate under Labor Code Section 226(a).

65. As a result of Defendants failure to pay Plaintiff and the Wage Statement Subclass for all overtime, sick pay and meal period premium wages at the "regular rate of pay", Defendants failed to include required information on Plaintiff and the Wage Statement Subclass' wage statements, including, but not limited to, the gross wages earned, the net wages earned in violation of Labor Code section 226(a)(1,2,5, and 9).

66. Defendants' failure to comply with section 226(a) of the Labor Code was knowing and intentional.

67. As a result of Defendants' issuance of inaccurate itemized wage statements to Plaintiff and members of the Wage Statement Subclass in violation of section 226(a) of the California Labor Code, Plaintiff and members of the Wage Statement Subclass are each entitled to recover an initial

penalty of $50, and subsequent penalties of $100, up to an amount not exceeding an aggregate penalty of $4,000 per Plaintiff and per every member of the Wage Statement Subclass from Defendants pursuant to section 226(e) of the Labor Code, costs and reasonable attorneys' fees.

### SIXTH CAUSE OF ACTION
### WAITING TIME PENALTIES
### (AGAINST ALL DEFENDANTS)

68. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

69. The actionable period for this cause of action is three years prior to the filing of this Complaint through the present, and on-going until the violation is corrected or the class is certified.

70. Labor Code §§ 201 and 202 require Defendants to pay all compensation due and owing to the Waiting Time Subclass during the actionable period for this cause of action at or around the time that their employment is or was terminated or ended.

71. Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Labor Code sections 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) workdays.

72. Defendants willfully failed to pay the Waiting Time Subclass for all hours worked, including all overtime wages, sick pay, and meal period premiums at the "regular rate of pay", prior to or upon termination or separation from employment with Defendants as required by Labor Code §§ 201 and 202.

73. As a result, Defendants are liable to the Waiting Time Subclass for waiting time penalties amounting to thirty (30) days wages pursuant to Labor Code § 203. *See,* e.g., DLSE Manual, 4.3.4 (Failure to pay any sort of wages due upon termination entitles an employee to recover waiting time penalties).

### SEVENTH CAUSE OF ACTION
### UNFAIR COMPETITION
### (AGAINST ALL DEFENDANTS)

74. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

75. Defendants have engaged and continue to engage in unfair and/or unlawful business

practices in California in violation of California Business and Professions Code § 17200 *et seq.*, by failing to pay all overtime wages and sick pay at the "regular rate of pay," by failing to provide legally required meal periods or pay premium pay at the "regular rate of pay" in lieu thereof, by failing to reimburse necessary business expenses, by failing to provide accurate wage statements, and by failing to pay all earned wages at the time of separation from employment.

76. Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiff and continues to deprive members of the Classes of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

77. Because Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiff for himself and on behalf of the members of the Classes, seeks full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

78. The acts complained of herein occurred within the last four years immediately preceding the filing of the Complaint in this action.

79. Plaintiff was compelled to retain the services of counsel to file this court action to protect her interests and those of the Classes, to obtain restitution and injunctive relief on behalf of Defendants' current hourly non-exempt employees and to enforce important rights affecting the public interest. Plaintiff has thereby incurred the financial burden of attorneys' fees and costs, which she is entitled to recover under Code of Civil Procedure § 1021.5.

## EIGHT CAUSE OF ACTION
## PRIVATE ATTORNEYS GENERAL ACT PENALTIES
## (AGAINST ALL DEFENDANTS)

80. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

81. Defendants have committed several Labor Code violations against Plaintiff and other non-exempt employees. Plaintiff, an "aggrieved employee" within the meaning of Labor Code § 2698 *et seq.*, acting on behalf of himself and other non-exempt employees, bring this representative

action against Defendants to recover the civil penalties due to Plaintiff, other similarly non-exempt employees, and the State of California according to proof pursuant to Labor Code § 2699 (a) and (f) including, but not limited to (1) $100 for each initial violation and (2) $200 for each subsequent violation per employee per pay period for those violations of the Labor Code for which no civil penalty is specifically provided based on the following Labor Code violations:

    a.    Failing to provide Plaintiff and other non-exempt employees all overtime and sick pay compensation at the appropriate premium rate in violation of Labor Code § 204, 210, 510, 1194 and 1198;

    b.    Failing to provide Plaintiff and other non-exempt employees with all of their statutorily mandated meal periods or compensation at the "regular rate of pay" in lieu thereof in violation of Labor Code §§ 204, 510, 558, 1194 and 1198;

    c.    Failing to reimburse Plaintiff and other non-exempt employees for all necessary business expenditures in violation of Labor Code §§ 2800 and 2802

    d.    Failing to timely compensate Plaintiff and other non-exempt employees with all earnings at their separation of employment in violation of Labor Code §§ 201-203; and

    e.    Failing to furnish Plaintiff and other non-exempt employees with complete, accurate, itemized wage statements in violations of Labor Code § 226(a).

82.    On or about May 19, 2022, Plaintiff notified Defendant Magellan HRSC, Inc., via certified mail, and the California Labor and Workforce Development Agency ("LWDA") via its website of Defendant's violations of the California Labor Code § 2698 et seq., with respect to violations of the California Labor Code identified in Paragraph 77(a)-(e). Now that sixty-five days have passed from Plaintiff notifying Defendant and the LWDA of these violations, Plaintiff will have exhausted his administrative requirements for bringing a claim under the Private Attorneys General Act with respect to these violations.

83.    Plaintiff was compelled to retain the services of counsel to file this court action to protect their interests and the interests of other non-exempt employees, and to assess and collect the civil penalties owed by Defendants. Plaintiff has hereby incurred attorneys' fees and costs, which she is entitled to receive under California Labor Code § 2699.

**FIRST AMENDED CLASS AND PAGA ACTION COMPLAINT**

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment for himself and for all others on whose behalf this suit is brought against Defendants, as follows:

1. For an order certifying the proposed Classes;

2. For an order-appointing Plaintiff as representative of the Classes;

3. For an order appointing Counsel for Plaintiff as Counsel for the Classes;

4. Upon the First Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 204, 210, 510, 1194, and 1198;

5. Upon the Second Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 246, 558, 1194.2, 1197.1, 1198, 1199;

6. Upon the Third Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7 and 512;

7. Upon the Fourth Cause of Action, for penalties pursuant to Labor Code § 2208, and reasonable costs and attorneys' fees;

8. Upon the Fifth Cause of Action, penalties pursuant to Labor Code § 226(a), and reasonable costs and attorneys' fees;

9. Upon the Sixth Cause of Action, for statutory waiting time penalties pursuant to Labor Code §§ 201-203;

10. Upon the Seventh Cause of Action, for restitution to Plaintiff and members of the Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*;

11. Upon the Eight Cause of Action, for civil penalties due to Plaintiff, other non-exempt aggrieved employees, and the State of California according to proof pursuant to Labor Code § 2699 (a) and (f) including, but not limited to: (1) $100 for each initial violation and $200 for each subsequent violation per employee per pay period for those violations of the Labor Code for which no civil penalty is specifically provided under the Labor Code;

12. Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

13. On all causes of action, for attorneys' fees and costs as provided by Labor Code §§ 218.5, 226, 1194, and Code of Civil Procedure § 1021.5; and

14. For such other relief that the Court may deem just and proper.

Dated:   January 18, 2023              **FALAKSSA LAW, P.C.**
                                       **BOKHOUR LAW GROUP, P.C.**


                                              */s/ Mehrdad Bokhour*
                                       By: _____
                                          Joshua Falakassa, Esq.
                                          Mehrdad Bokhour, Esq.
                                          Attorneys for Plaintiff and the Putative Classes