1

**FALAKASSA LAW, P.C.**

2
Joshua S. Falakassa, Esq. (SBN 251563)
*josh@falakassalaw.com*

3
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067

4
Tel: (818) 456-6168; Fax: (888) 505-0868

5
**BOKHOUR LAW GROUP, P.C.**

6
Mehrdad Bokhour (Cal. Bar No. 285256)
*mehrdad@bokhourlaw.com*

7
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067
Tel: (310) 975-1493; Fax: (310) 975-1215

8

9
Attorneys for Plaintiff and Putative Classes

10
**LITTLER MENDELSON, P.C.**
Barbara A. Blackburn, Bar No. 253731

11
bblackburn@littler.com
Nathaniel H. Jenkins, Bar No. 312067

12
njenkins@littler.com
500 Capitol Mall, Suite 2000

13
Sacramento, California 95814
Telephone:    916.830.7200

14
Fax No.:    916.561.0828

15
Attorneys for Defendant
MAGELLAN HRSC, INC

16
UNITED STATES DISTRICT COURT

17
EASTERN DISTRICT OF CALIFORNIA

18

19
SOFIA RIOS, on behalf of herself and all others similarly situated,

20

                    Plaintiff,

21

22
   v.

23
MAGELLAN HRSC, INC., an OHIO CORPORATION; and DOES 1-50, inclusive,

24

                    Defendant.

25

Case No. 2:22-cv-01219-KJM-AC

**JOINT STIPULATION TO CONTINUE DISCOVERY AND CLASS CERTIFICATION DEADLINES AND ORDER**

Trial Date:        None Set
Complaint Filed:  May 23, 2022

26

27

28

## **STIPULATION**

Plaintiff SOFIA RIOS ("Plaintiff") and Defendant MAGELLAN HRSC INC. ("Defendant") (collectively, the "Parties"), by and through their respective counsel of record, hereby agree and respectfully stipulate as follows:

**WHEREAS**, Plaintiff filed her Complaint on May 23, 2022 in Sacramento County Superior Court, and Defendant timely removed this matter to this Court on July 11, 2022.

**WHEREAS**, on November 17, 2022, the Parties filed their Joint Report of their Rule 26(f) Conference and Proposed Discovery Plan (Dkt. 10), which included proposed deadlines for Plaintiff to file a motion for class certification, and for Defendant to oppose such a motion;

**WHEREAS,** on December 2, 2022, this Court held an initial Case Management Conference, and issued its Initial Scheduling Order (Dkt. 11), which set a discovery completion date of August 18, 2023, and Class Certification Motion hearing date of September 22, 2023. The Court did not schedule any further dates past the Class Certification Motion hearing (i.e., no trial date has been set).

**WHEREAS**, the Parties have now agreed to pursue a private mediation in hopes to reach a global resolution of this matter before engaging in further discovery and litigation efforts (*i.e.,* before moving for Class Certification). However, the majority of California's well-known and reputable wage and hour class action mediators are not available for a mediation date for at least the next six months (*i.e.*, November 2023 at the earliest), which would be past the current discovery cut off and class certification motion deadline.

**WHEREAS**, in order to allow the Parties time to submit to mediation in November or December 2023 and thereafter, if unable to settle, complete any remaining, necessary discovery prior to having to move for and oppose class certification, the Parties stipulate to continue the current discovery cut off and class certification deadlines by a period of nine months.

Accordingly, the Parties hereby stipulate to modify the Scheduling Order to allow them the opportunity to mediate this case and potentially reach a resolution without the need to conduct further discovery and litigation efforts at this time.

///

1

2      **WHEREAS,** good cause exists to modify the Court's scheduling Order as follows:

3      The district court is given broad discretion in supervising the pretrial phase of

4 litigation…" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation and

5 internal quotation marks omitted). "A schedule may be modified only for good cause and with the

6 judge's consent." Fed. R. Civ. P. 16(b)(4); see e.g. *Spiller v. Ella Smithers Geriatric Ctr.*, 919 F.2d

7 339, 343 (5th Cir. 1990) (court impliedly granted motion to modify scheduling order by allowing

8 summary judgment motion after pretrial motion cut-off date).

9      To establish "good cause," parties seeking modification of a scheduling order must

10 generally show that, even with the exercise of due diligence, they cannot meet the order's timetable.

11 *Johnson, supra,* 975 F.2d at 609; *see e.g.*, *Hood v. Hartford Life & Acc. Ins. Co.*, 567 F.Supp.2d 1221,

12 1224 (E.D. Cal. 2008) (granting request for modification that was promptly made when it became

13 apparent that compliance with the scheduling order was not possible). In determining "good cause,"

14 courts also consider the importance of the requested modification, the potential prejudice in allowing

15 the modification, and, conversely, whether denial of the requested modification would result in

16 prejudice. *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (involving

17 amendment of pleadings).

18      Here, good cause exists for a modification of the Court's scheduling order given the

19 Parties' agreement to mediate as soon as possible. However, a mediation with a reputable wage and

20 hour class action mediator cannot be scheduled for at least the next six months due to the mediators'

21 availability. This modification to extend the Parties' Class Certification brief schedule and related

22 deadlines would allow the Parties the opportunity to focus their resources (both time and expense) on

23 settlement as opposed to engaging in costly class certification discovery and motion work.

24 Consequently, a modification of the scheduling order would result in a savings of judicial resources

25 in having to hear and decide a class certification motion. Finally, should the Parties' mediation be

26 successful, the need for any further motion work or a trial in this case would be eliminated.

27 ///

28 ///

1
2

    **THEREFORE, upon good cause shown**, the Parties stipulate to continue and/or modify the Scheduling Order as follows:

3

    Last Day to Complete Discovery Related to Class Certification: **May 17, 2024**

4

    •   Hearing on Class Certification Motion(s) on: **June 21, 2024**.

5

    **IT IS SO STIPULATED.**

6
7

Dated: May 16, 2023

8

           LITTLER MENDELSON, P.C.

9
10

           */s/ Nathaniel Jenkins*

           Barbara A. Blackburn

11

           Nathaniel H. Jenkins

           Attorneys for Defendant

12

           MAGELLAN HRSC, INC.

13
14

Dated: May 16, 2023

           BOKHOUR LAW GROUP, P.C.

15

           FALAKASSA LAW, P.C.

16
17

           */s/Mehrdad Bokhour (approved on 5/12/23)*

           Mehrdad Bokhour

18

           Joshua Falakassa

           Attorneys for Plaintiff

19

           SOFIA RIOS and the Putative Classes

20
21
22
23
24
25
26
27
28

JOINT STIPULATION TO CONTINUE
DISCOVERY AND CLASS
CERTIFICATION DEADLINES AND
ORDER
        4        CASE NO. 2:22-CV-01219-KJM-AC

## <u>ORDER</u>

**Good cause appearing**, the Court orders the Scheduling Order to be modified as follows:

- Last Day to Complete Discovery Related to Class Certification: **May 17, 2024; and**

- Hearing on Class Certification Motion(s) by: **June 21, 2024.**

    **IT IS SO ORDERED.**

DATED:  May 16, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE